**UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IRENE AND HOWARD HAMBURGER, <br><br>　　　Plaintiffs <br><br> v. <br><br> NORTHLAND GROUP, INC., <br><br>　　　Defendant | ) <br> ) <br> ) <br> ) **Case No.:** <br> ) <br> ) **COMPLAINT AND DEMAND FOR** <br> ) **JURY TRIAL** <br> ) <br> ) **(Unlawful Debt Collection Practices)** <br> ) |

## COMPLAINT

IRENE AND HOWARD HAMBURGER ("Plaintiffs"), by and through their attorneys, KIMMEL & SILVERMAN, P.C., allege the following against NORTHLAND GROUP, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania; as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiffs are each a natural person residing in Nanticoke, Pennsylvania 18634.

6. Plaintiffs are persons granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

7. Defendant is a national debt collection company with its corporate headquarters located at 7831 Glenray Road, Suite 250, Edina, Minnesota 55439.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and repeatedly contacted Plaintiffs in its attempts to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged

consumer debt and repeatedly contacted Plaintiffs in its attempts to collect that debt.

11. Upon information and belief, the alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

12. Beginning in January 2013, and continuing through April 2013, Defendant continuously and repeatedly contacted Plaintiffs on their home telephone in an attempt to collect a consumer debt.

13. Plaintiff knew it was Defendant calling because they received automated messages and spoke with Defendants' debt collectors on numerous occasions.

14. Defendant called nearly every day, and on occasion more than once in a single day.

15. Defendant attempted in those calls to collect a debt of an individual named "Henry."

16. Neither Plaintiff is named Henry nor do they know an individual by that name.

17. On multiple occasions, Plaintiffs spoke with Defendant's collectors, including an individual who identified himself as "Mr. Vega".

18. Mr. Vega was informed that Defendant was seeking a third party "Henry," that no one by that name lived at the called number, and to stop calling.

19. For reasons which appear to be calculated not to heed the information provided but rather to harass, Defendant's calls to Plaintiffs continued.

20. Plaintiffs aver that Defendant did not investigate the information provided by Plaintiffs and had no information to contradict what it was told by them.

21. Nevertheless, Defendant persisted in calling about a debt of a person named "Henry."

22. Further, on numerous occasions, Plaintiffs went above and beyond what was reasonable and necessary to stop the calls, including patiently navigating the layered computer menu prompts of Defendant's telephone, so Defendant's records would be updated and their number removed from the calling queue. Despite this, they continued to receive Defendant's collection calls.

23. To restate, Defendant placed automated collection calls to Plaintiffs, who were third parties to a debt, Defendant's telephone included instructions on how third parties can stop the calls, but Defendant failed to update its records to avoid additional calls from being made.

24. Most recently, Defendant contacted Plaintiffs on April 1, 2013, at 9:00 a.m. and April 2, 2013, at 6:10 p.m.

25. On both occasions, Defendant's collectors claimed that Plaintiffs' telephone numbers would be removed, but calls continued.

26. Defendant's conduct was for no lawful purpose and completely unwarranted.

27. By continuously calling and by failing to update records to avoid further harassment, Defendant engaged in conduct which had the natural consequences of harassing the recipients.

28. Upon information and belief, information was readily available to Defendant, and/or was available in the public domain, revealing that the number called either belonged to someone who was not their debtor, or in fact identified Plaintiffs by name, giving Defendant reason to know it was calling persons who were not the debtor.

29. Upon information and belief, Defendant had motives which were in bad faith and with reckless indifference to the rights of others by continuously calling about another person's debt.

30. Defendant knew, or should have known, that it was calling persons for the debt of another, without good faith, with the intent to disrupt Plaintiffs' solitude and to annoy, abuse and harass them for potential financial gain.

31. Defendant's calls caused distress, embarrassment, humiliation, disruption and other damages and consequences.

32. The repetitive calls were aggravating and highly intrusive.

33. Plaintiffs have spent time and effort dealing with these calls and in

trying to get Defendant to update its records, but their efforts were unsuccessful.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

34. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692b(3).

    a. Section 1692b(3) of the FDCPA prohibits a debt collector from communicating with any person other than a consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

    b. Here, Defendant violated §1692b(3) of the FDCPA by communicating with Plaintiffs more than once about another person's debt, despite having been notified that it was calling the wrong person.

### COUNT II

35. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692c(a)(1).

    a. A debt collector violates §1692c(a)(1) of the FDCPA by

       communicating with the consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer, including communication between a debt collector and consumer prior to 8:00 a.m. or after 9:00 p.m.

    b.    Here, Defendant violated §1692c(a)(1) of the FDCPA by placing numerous collection calls to Plaintiffs at their home residence about another individual's debt, which was an inconvenient place for Plaintiffs to receive collection calls for another individual.

## COUNT III

36.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

    a.    A debt collector violates §1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.    A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy,

abuse, or harass any person at the called number.

 c. Here, Defendant violated §§1692d and 1692d(5) of the FDCPA by calling Plaintiffs nearly every day, sometimes calling twice a day, about another person's debt with the intent to annoy, abuse, and harass Plaintiffs into paying the debt.

## COUNT IV

37. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692f.

 a. A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

 a. Here, Defendant violated §1692f of the FDCPA by failing to update its records to stop the collection calls to Plaintiff.

## INVASION OF PRIVACY
## COUNT V
### Intrusion Upon Seclusion

38. Plaintiffs hereby incorporate all facts and allegations specified in all preceding paragraphs, by reference as if fully set forth at length.

39. By repeatedly calling Plaintiffs, intentionally harassing Plaintiffs, and calling Plaintiffs after having been told to stop calling; Defendant has repeatedly

and intentionally intruded upon the solitude or seclusion of Plaintiffs' private affairs.

40. The receipt of repetitive collection calls for another person as a result of Defendant's collection tactics is highly offensive to a reasonable person.

41. Defendant has and continued to call Plaintiffs for another person's debt. Despite being advised that it was calling the wrong person, Defendant did not take any necessary steps to remedy this problem, including ceasing to call Plaintiffs' number.

42. Defendant's intrusion was intentional or committed with reckless disregard to Plaintiffs' rights.

43. As a result of Defendant's action or inaction, Plaintiffs have been damaged.

44. Defendant's intrusion would cause mental suffering, shame or humiliation to any person of ordinary sensibilities.

45. Plaintiffs did in fact take serious offense to Defendant's intrusion into their solitude, resulting in extreme embarrassment, shame and humiliation.

46. Plaintiffs have suffered and continue to suffer damages as a direct and proximate result of Defendant's unlawful conduct complained of herein.

47. The continuous and repeated collection calls to Plaintiffs were harassing, aggravating and highly intrusive.

PLAINTIFFS' COMPLAINT

WHEREFORE, Plaintiffs, IRENE AND HOWARD HAMBURGER, respectfully pray for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1) and Pennsylvania common law;

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs pursuant to 15 U.S.C. § 1693k(a)(3);

    d.    Punitive damages for Defendant's invasion of Plaintiffs' privacy; and

    e.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiffs, IRENE AND HOWARD HAMBURGER, demand a jury trial in this case.

1
2   Date:
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

                RESPECTFULLY SUBMITTED,

                By:_____
                    CRAIG THOR KIMMEL
                    Attorney ID No. 57100
                    Kimmel & Silverman, P.C.
                    30 E. Butler Pike
                    Ambler, PA 19002
                    Phone: (215) 540-8888
                    Fax: (877) 788-2864
                    Email:   kimmel@creditlaw.com

PLAINTIFFS' COMPLAINT