THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IRENE HAMBURGER and        :
HOWARD HAMBURGER,          :
                           :
            Plaintiffs,    :
                           :
    v.                     :        3:13-CV-01155
                           :        (JUDGE MARIANI)
NORTHLAND GROUP, INC.,     :
                           :
            Defendant.     :

## OPINION AND ORDER

The background of this Order is as follows. On April 24, 2015, Defendant filed a

Motion in Limine "to preclude argument, opinion, evidence, or testimony regarding the

nature or purpose of the underlying obligation at issue in this suit." (*See* Def.'s Mot. in

Limine, Doc. 57, at 1.) Defendant filed a Brief in Support of its Motion that same day. (*See*

Def.'s Br. in Supp., Doc. 58.) Plaintiffs never filed a Brief in Opposition.

Middle District of Pennsylvania Local Rule 7.6 provides: "Any party opposing any

motion, other than a motion for summary judgment, shall file a brief in opposition within

fourteen (14) days after service of the movant's brief . . . . Any party who fails to comply with

this rule shall be deemed not to oppose such motion." M.D. Pa. L.R. 7.6. The fourteen-day

deadline to file an opposing brief elapsed on May 8, 2015. Thus, Plaintiffs are deemed to

not oppose the motion under the Local Rules.

Plaintiffs' lack of opposition could have momentous consequences for the disposition

of their entire case. Plaintiffs' remaining federal claims (Counts III and IV) are for violations

of the Fair Debt Collection Practices Act (FDCPA). That Act defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). As discussed in this Court's Summary Judgment Opinion, a threshold issue exists as to whether Plaintiff can "show that the Defendant's challenged practices 'were used in an attempt to collect a "debt" as that term is defined in section 1692a(5) of the FDCPA.'" (Mem. Op., Feb. 12, 2015, Doc. 50, at 8-9 (quoting Def.'s Br. in Supp. of Mot. for Summ. J., Doc. 37, at 4).) Plaintiffs have offered an Affidavit from Henry Hamburger to prove that the underlying debt is in fact a debt as defined by the statute. (See Henry Hamburger Aff., Doc. 38-2.) That Affidavit is vague, stating only that Henry has "personal knowledge of the charges made on the Account" underlying this matter and that he "was present when each charge was made on the Account," and then avers that "[a]ll charges made on the Account were made for personal, family, and household purposes as the purchases made on the Account were for groceries, food at eating establishments, gasoline for a personal vehicle, and personal purchases at retail stores, including Wal-Mart and Best Buy" and that "[n]o charges on the Account were made for business purposes." (Id. at ¶¶ 7-10.)

Defendant interprets this Affidavit as suggesting that Henry Hamburger was not in fact the consumer who purchased the products giving rise to the underlying obligation. (See

Doc. 58 at 6.) Defendant then argues that "if Mr. Henry Hamburger was not the purchaser, the only way he would have obtained personal knowledge about the purpose of the purchase is if the purchaser communicated this information to him directly, indirectly, or otherwise by verbal or nonverbal means." (*Id.* at 3.) But, because Plaintiffs have not disclosed as a potential witness any third party who could have been the true purchaser, Defendant argues that any testimony as to Henry's personal knowledge must rely on hearsay. (*Id.* at 3-4.) Alternatively, Defendant argues that, if "Mr. Hamburger 'learned' of the purpose for the purchases simply by his own observation or conclusion, then, such information would be pure speculation and inadmissible for purpose of proving the truth of the matter asserted." (*Id.* at 6 n.2.) Either way, Defendant believes that the testimony must be suppressed. (*Id.* at 7.) But if this the Court were to accept Defendant's arguments and preclude Henry Hamburger's testimony on the nature of the underlying obligation, we would "effectively preclude[] Plaintiffs from establishing a threshold element of their claim." (*Id.* at 7 n.3.) Therefore, Defendant concludes that, after precluding the testimony, "this case should be dismissed with prejudice prior to trial in order to avoid the waste of judicial resources." (*Id.*) In effect, then, Defendant's self-styled Motion in Limine operates as a second motion for summary judgment.

The Third Circuit has held that, when a party fails to respond to a dispositive motion, the district court should nonetheless analyze the merits of the motion, rather than grant it as unopposed solely on the authority of the Local Rules. *See Stackhouse v. Mazurkiewicz*, 951

F.2d 29, 30 (3d Cir. 1991) (12(b)(6) motion to dismiss); *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (motion for summary judgment).

Accordingly, the Court will not summarily grant Defendant's Motion, but will instead analyze it on its merits. In doing so, however, it becomes clear that Defendant's Motion is based on various assumptions which are not necessarily valid. Accordingly, Defendant's Motion must be denied as premature. *Cf. Ebenhoech v. Koppers Indus., Inc.*, 239 F. Supp. 2d 455, 461 (D.N.J. 2002) (Simandle, J.) ("[T]he [in limine] ruling should not be made prematurely if the context of trial would provide clarity.")

First, the Motion assumes that Henry Hamburger was not the underlying purchaser, which it believes is "suggest[ed]" by "the artful wording of his Affidavit." (Doc. 58 at 6.) The Court will grant that this interpretation is "suggested" by the Affidavit. It may even be reasonable to interpret the Affidavit, as Defendant does, as being artfully drafted to avoid the issue of who actually made the underlying purchases. But even if all this is accepted as true, there is nothing in the Affidavit that would *preclude* Henry Hamburger from testifying without contradiction that he was in fact the purchaser. As a linguistic point, it may be strange for Henry to initially admit to only being "present" when the purchases were made, and then later to clarify that his "presence" actually involved making the purchases himself. But such a clarification does not contradict the Affidavit. At worst, it indicates that the Affidavit was vague, unhelpful, or misleading. But vagueness in pretrial evidence is not grounds to preclude clarifying testimony at trial.

4

Second, even if Henry were to testify at trial that he did *not* in fact make the purchases, it is wrong to assume that testimony as to his personal knowledge would have to rely necessarily on hearsay or speculation. It is possible that any communications with a third party about the nature of the purchases would fall within a hearsay exclusion or exception, thereby making it admissible at trial. Alternatively, if Henry merely observed the purchases being made but engaged in no communications about them, he could permissibly testify to the facts of what he saw—without speculation—and allow the jury to conclude whether the purchases he observed in fact qualify as "personal, family, or household purchases" under the statute.

Of course, any testimony offered must have a proper foundation and comply with all applicable Federal Rules of Evidence. But at this stage, when the Court cannot know the form in which Henry Hamburger's testimony will be proffered, it cannot conclude that his testimony is *per se* inadmissible. Because "[e]vidence should not be excluded pursuant to a motion in limine, unless it is clearly inadmissible on all potential grounds," *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) (Burke, M.J.) (collecting cases), the Court must deny Defendant's Motion.

**AND NOW, THIS 13TH DAY OF MAY, 2015, IT IS HEREBY ORDERED THAT**
Defendant's Motion in Limine to Preclude Evidence or Testimony (Doc. 57) is **DENIED**.

Robert D. Mariani
United States District Judge