THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IRENE HAMBURGER and HOWARD HAMBURGER, | : : : |
| Plaintiffs, | : |
| v. | : 3:13-CV-01155 |
| | : (JUDGE MARIANI) |
| NORTHLAND GROUP, INC., | : |
| Defendant. | : |

## OPINION AND ORDER

The background of this Order is as follows. On April 24, 2015, Plaintiffs filed a Motion in Limine "to exclude all evidence regarding the availability of attorneys' fees." (*See* Pls.' Mot. in Limine, Doc. 59, at 1.) Plaintiffs filed a Brief in Support of their Motion that same day. (*See* Pls.' Br. in Supp., Doc. 60.) Defendants never filed a Brief in Opposition.

Middle District of Pennsylvania Local Rule 7.6 provides: "Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief . . . . Any party who fails to comply with this rule shall be deemed not to oppose such motion." M.D. Pa. L.R. 7.6. The fourteen-day deadline to file an opposing brief elapsed on May 8, 2015. Thus, Defendant is deemed to not oppose the motion under the Local Rules.

Under the Fair Debt Collection Practices Act (FDCPA), "any debt collector who fails to comply with any provision of [the Act] with respect to any person is liable to such person in an amount equal to the sum of," among other things, "in the case of any successful action

to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). As the Third Circuit has stated, "Section 1692k(a) sets forth the three standard components of liability for violations of the Act: it states that a debt collector who violates the act 'is liable' for actual damages, statutory damages as determined by the court, and a reasonable attorney's fee." *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991). "Given the structure of the section, attorney's fees should not be construed as a special or discretionary remedy; rather, the Act *mandates* an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." *Id.* (emphasis added). This language and the case law interpreting it clearly vests the authority to determine a reasonable attorney's fee with the court. *See, e.g., id.* at 114 ("We conclude that, in a typical case under the Act, the court should determine what constitutes a reasonable fee in accordance with the substantial Supreme Court precedent pertaining to the calculation of reasonable attorney's fees."). Because an award of attorney's fees is the province of the Court and not the Jury, Plaintiffs move to preclude any evidence related to its availability, on the grounds that such evidence would be irrelevant and prejudicial. (*See* Doc. 59 at ¶¶ 2-3, 5.)

The present Motion is nondispositive and involves the exclusion of evidence which under statutory and precedential case law is irrelevant to the jury's determination of the issues. Therefore, unlike Defendant's Motion in Limine (Doc. 57), which could have led to

2

the dismissal of the entire case, the Court sees no problem in granting the Plaintiff's Motion as unopposed for failure to file a brief in opposition under the Local Rules. See *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) ("There may be some cases where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked."). Because Plaintiff's Motion is both facially reasonable, seeks to preclude clearly irrelevant evidence, and would minimally affect the presentation of evidence at trial, the Court believes that Defendant's failure to oppose it indicates that the Motion is in fact not opposed.

But even if this were not so, the merits of the Motion clearly favor granting it. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." *Id.* at 402.

Here, the fact that Plaintiffs would be entitled to attorney's fees in the event of a favorable verdict is plainly not of consequence in determining the action. The FDCPA clearly leaves the job of awarding attorney's fees to the Court. Moreover, because this award is mandatory if Plaintiffs prevails at trial, there are no possible factual determinations that the jury would need to make related to it; the fee award would simply be part of the Court's mandated duties following a Plaintiffs' verdict. Finally, the potential award has no bearing on the jury's determination of liability, but rather is simply a consequence that flows from a

favorable verdict. It therefore should not influence the way that the jury resolves the distinct factual disputes of the case.

For these reasons, evidence of the availability of attorneys' fees "is clearly inadmissible on all potential grounds." *Cf. Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) (Burke, M.J.). Accordingly, **NOW, THIS 13TH DAY OF MAY, 2015, IT IS HEREBY ORDERED THAT** Plaintiff's Motion in Limine to Exclude Evidence of Attorneys' Fees (Doc. 59) is **GRANTED**.

Robert D. Mariani
United States District Judge