# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IRENE HAMBURGER AND HOWARD HAMBURGER, | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Case No.: 3:13-cv-01155-RDM |
| NORTHLAND GROUP, INC., | ) ) ) | |
| Defendant | ) | |

## PLAINTIFFS' TRIAL BRIEF

Pursuant to Local Rule 39.7, Plaintiffs, Irene Hamburger and Howard Hamburger ("Plaintiffs"), by their undersigned counsel, Kimmel & Silverman, P.C., hereby respectfully submit the following Trial:

## I. PROCEDURAL HISTORY

Plaintiffs, Irene Hamburger and Howard Hamburger, filed this action alleging that Defendant's, Northland Group, Inc., actions violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Pennsylvania's common law tort of Invasion of Privacy by Intrusion Upon Seclusion. See Docket No. 1. On February 12, 2015, this Honorable Court issued an Opinion and Order denying, in part, Defendant's Motion for Summary Judgment with respect to Plaintiffs' claims under 15 U.SC. §§ 1692d; 1692d(5); and 1692f, and their state-law claim for invasion of

privacy by intrusion upon seclusion. See Docket Nos. 54 and 56.

## II. STATEMENT OF QUESTIONS INVOLVED

(A) Whether Defendant engaged in any conduct the natural consequence of which was to harass, oppress, or abuse Plaintiffs in connection with the collection of a debt (15 U.S.C. § 1692d);

(B) Whether Defendant caused a telephone to ring or engaged Plaintiffs in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number (15 U.S.C. § 1692d(5));

(C) Whether Defendant used unfair or unconscionable means to collect or attempt to collect any debt (15 U.S.C. § 1692f);

(D) Whether Defendant intentionally intruded, physically or otherwise, upon the solitude or seclusion of Plaintiffs or their private affairs or concerns, and that such intrusion would be highly offensive to a reasonable person (Restatement (Second) of Torts § 652B); and

(E) The amount of damages.

## III. ARGUMENT

### A. Plaintiffs' 15 U.S.C. § 1692d claim.

The dispute over Plaintiffs' claims under § 1692d comes down to a question of credibility between Plaintiffs and Defendant. Section 1692d of the FDCPA prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The proper legal standard under § 1692d takes into consideration the fact that "[w]hether a consumer is more or less likely to be harassed, oppressed, or

abused by certain debt collection practices does not relate solely to the consumer's relative sophistication." See Jeterv. Credit Bureau, Inc., 760 F.2d 1168, 1179 (11th Cir. 1985). Courts use a standard analogous to the least sophisticated consumer standard which requires "claims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse." Id.

A plaintiff alleging a violation of § 1692d, need only show that the conduct in which the debt collector engaged in had the natural consequences of harassment, regardless of whether the debt collector intended for its actions to have a harassing affect. Compare 15 U.S.C. § 1692d (prohibit a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person…") with 15 U.S.C. § 1692d(5) (prohibiting a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number").

Here, in its attempts to collect a debt from another person, Plaintiffs' will present evidence that Defendant placed repetitive collection calls to their home telephone, including how Defendant continued to call them in its attempt to collect a debt of another person, despite knowing that the debtor

did not live at the called number and having been told to stop calling. Continuing to communicate with persons, despite knowing that they are not the debtor and do not want to be called, is sufficient to establish a violation of § 1692d.

### B. Plaintiffs' 15 U.S.C. § 1692d(5) claim.

Plaintiffs' testimony will show that despite having told Defendant to stop calling, Defendant continued to call them on a repetitive basis with the intent to harass and annoy. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). The quantity of phone calls is not the only factor considered by courts in determining whether a debt collector has violated § 1692d(5). Instead, pattern and contents of the calls is also reviewed. See *e.g.*, Akalwadi v. Risk Mgmt. Alternatives, Inc., 336 F.Supp. 2d 492, 505 (D. Md. 2004). Further, a debt collector's intent to annoy or harass can be inferred in situations where the consumer tells the debt collector that he is unable to pay, unwilling to pay, or situations where the consumer verbally requests that the call stop. See *e.g.*, Gilroy v. AmeriquestMortg. Co., 632 F.Supp. 2d 132, 136-37 (D. N.H. 2009) (citing Kerwin v. Remittance Assistance Corp., 559

F.Supp. 2d 1117, 1124 (D. Nev. 2008); Strom v. Nat'l Enter. Sys., Inc., 2011 WL 1233118 (W.D. N.Y. Mar. 30, 2011); and Prewitt v. Wolpoff & Abramson, LLP, 2007 WL 841778 (W.D. N.Y. Mar. 19, 2007).

Here, Plaintiffs will present evidence regarding Defendant's repeated calls to them to collect a debt of another person and their communications with Defendant that it was calling the wrong person and to stop calling them. Once Defendant was told to stop calling, its' continued calls to Plaintiffs is sufficient to establish that its conduct violated § 1692d(5).

### C. Plaintiffs' 15 U.S.C. § 1692f claim.

Plaintiffs' claim under § 1692f of the FDCPA is premised on Defendant's unfair actions in failing to update its records to stop its collection calls to Plaintiffs. Section 1692f prohibits a debt collector from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. While the FDCPA then goes on to list eight specific behaviors that are unfair or unconscionable, § 1692f is not limited by this list, and is instead meant to address conduct that is not specifically addressed elsewhere in the FDCPA. Adams v. Law Offices of Stuckert & Yates, 926 F. Supp. 521, 528 (E.D. Pa. 1996).

The evidence will show that on several occasions Plaintiffs notified Defendant that it was calling the wrong person and to stop calling, but that

Defendant ignored these notifications. Defendant did not update its records to stop the calls to Plaintiffs and/or remove Plaintiffs number from its system, as Plaintiffs continued to receive calls from Defendant. Defendant's actions in failing to update its records to stop the collection calls to them, was unfair and unconscionable, and a violation of § 1692f of the FDCPA.

### D. Plaintiffs' Invasion of Privacy by Intrusion Upon Seclusion Claim

To maintain a privacy claim on intrusion upon seclusion in Pennsylvania, a plaintiff must prove that: (1) there was an intentional intrusion; (2) upon his solitude or seclusion, or his private affairs; (3) that the intrusion was substantial; and (4) highly offensive. See Desmond v. Phillips & Cohen Assoc., Ltd., 724 F.Supp.2d 562, 568-69 (W.D.Pa 2010) (citing Tucker v. Merck &Co., Fed.Appx. 247, 256 (3d Cir. 2004)). It is only when the telephone calls are repeated with such persistence and frequency that the behavior rises to the level of placing a substantial burden to one's existence such that his privacy is invaded. See Id. Courts have interpreted this standard to be the result of the inherently embarrassing nature of debt collection. See Leahey v. Franklin Collection Serv., Inc., 2012 WL 5279831, at *4 (A.D. Ala Feb. 4, 2010). Whether the debt collector places calls to a debtor or non-debtor should be considered when determining if the debt collector's actions may be considered highly

offensive.  See Desmond, 724 F.Supp.2d at 569 (discussing plaintiff's status as a non-debtor).

In the context of debt collector conduct, Federal Courts within Pennsylvania have found that a debt collector's conduct can rise to the level to sustain a claim for intrusion upon seclusion.  See *e.g.*, Berk v. J.P. Morgan Chase Bank, N.A., 2011 WL 4467746 (E.D. Pa. Sept. 26, 2011)(denying the defendant's motion to dismiss because the plaintiff sufficiently pled a claim under intrusion upon seclusion by alleging that the defendant called the plaintiff twenty or more times over two years, at three residences and on four telephones); and Desmond, 724 F. Supp. 2d at 569 (denying the defendant's Motion for Summary Judgment because the facts on the record showed that the defendant called the plaintiff at least fourteen times, eight times during a nine-day period, six times during a sixteen-day period, and also sent the plaintiff letters).

Here, all communications and attempted communications by Defendant should be considered.  See Desmond, 724 F.Supp.2d at 569 (determining fourteen calls and four letters sent to a non-debtor may be highly offensive).  Plaintiffs will present evidence regarding the calls they received from Defendant and their communications with Defendant. Plaintiffs informed Defendant numerous times that it was calling the wrong

number and to stop calling, but Defendant continued to call them, which is sufficient for Defendant's repeated and continuous calling to meet the highly offensive standard required necessary for Plaintiffs to prevail on this claim.

**E.	Damages**

A plaintiff that prevails in a FDCPA action is entitled to recover actual damages and statutory damages up to $1,000.00.  15 U.S.C. § 1692k(a).  Here, Plaintiffs are seeking both actual and statutory damages.  Plaintiffs will testify regarding their damages, including the emotional distress that they suffered as a result of Defendant's calls.  Humiliation and mental distress can be established through Plaintiffs' own testimony.  <u>Williams v. Trans World Airlines, Inc.</u>, 660 F.2d 1267, 1273 (8th Cir. 1981).

Regarding damages for Invasion of Privacy by Intrusion Upon Seclusion, Plaintiffs can recover damages for harm to their interest in privacy; mental distress suffered as a result of the invasion of their privacy; and any other injuries they suffered as a result of the invasion of privacy.  Plaintiffs will provide testimony regarding the emotional distress that they suffered, which is sufficient to recover damages.

RESPECTFULLY SUBMITTED,

Date: May 18, 2015       By:*/s/ Craig Thor Kimmel*_____
                         CRAIG THOR KIMMEL
                         Attorney ID No. 57100
                         Kimmel & Silverman, P.C.
                         30 E. Butler Pike
                         Ambler, PA 19002
                         Phone: (215) 540-8888
                         Fax: (877) 788-2864
                         Email:   kimmel@creditlaw.com